NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 8 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| PABLO ANDRES CALDERON GOMEZ; EDGNA DANIELA GONZALEZ AMOROCHO; A. C. C. G., <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-2390 <br><br> Agency Nos. <br> A241-905-325 <br> A241-905-326 <br> A241-905-327 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 30, 2026[**]

Before: RAWLINSON, MENDOZA, and DESAI, Circuit Judges.

Petitioners Pablo Calderon Gomez, his wife, and their minor daughter are

natives and citizens of Colombia. They petition for review of a Board of Immigration

Appeals ("BIA") decision dismissing their appeal of an immigration judge's ("IJ")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of Calderon Gomez's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Petitioners' sole argument on appeal is that the BIA's adverse credibility determination is not supported by substantial evidence.[1] We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

We review adverse credibility determinations for substantial evidence. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). "When the BIA conducts its own review of the evidence and law rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Id.* (citation modified).

Considering the "totality of the circumstances and all relevant factors," substantial evidence supports the BIA's adverse credibility determination. *See Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc). The "specific and cogent reasons" identified by the BIA likely support an adverse credibility determination. *See Shrestha*, 590 F.3d at 1042. First, the record supports the BIA's conclusion that Calderon Gomez's reasons for not reporting one incident to the police but later

---

[1]   In their reply brief, petitioners ask us to disregard the government's answering brief because it was originally due on November 3, 2025, but the government did not file it until December 22, 2025. Pursuant to this court's November 13, 2025 order resetting stayed deadlines, the government's brief was timely and will not be stricken. 9th Cir. Admin. Ord., Nov. 13, 2025 ("Any filing that was due between November 2 and November 12, 2025, is now due December 23, 2025.").

reporting another incident to the police were inconsistent and implausible. Calderon Gomez testified that he did not report one incident to the police because the paramilitary organization was working with the police and he believed that filing a police report may get him killed. But he then testified that he filed a police report after the September 2022 incident because he "saw it necessary" to seek protection from the police. Calderon Gomez's inconsistent testimony undercuts his claim that he feared retaliation from the paramilitary organization and is material to his claim of persecution. *Shrestha*, 590 F.3d at 1046–47 ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight.").

Second, the record likely supports the BIA's conclusion that Calderon Gomez's testimony regarding the timing of the September 2022 event was inconsistent with the police report. To be sure, "trivial inconsistencies that under the total circumstances have no bearing on a petitioner's veracity should not form the basis of an adverse credibility determination." *Ren v. Holder*, 648 F.3d 1079, 1084–86 (9th Cir. 2011) (recognizing that "victims of abuse often confuse the details of particular incidents, including the time or dates of particular assaults") (citation modified). Although it is a close question whether Calderon Gomez's testimony about the time of the incident—that it occurred "approximately between 8:00 and 9:00 p.m." rather than at 3:30 p.m.—constitutes an inconsistency sufficient to

support an adverse credibility finding, the discrepancy in time confuses night and day. And Calderon Gomez's explanation for the discrepancy does not compel a contrary conclusion. He asserts that it "was an error that was made by the transcriber in Colombia," but the police report notes the time in two places and in two different formats: 3:30 p.m. and 15:30 p.m.

Lastly, the record supports the BIA's conclusion that the omission from the police report that the paramilitary members shot Calderon Gomez's dog supports an adverse credibility determination. Although "not all omissions will deserve the same weight or support an adverse credibility finding," "omissions are probative of credibility to the extent that later disclosures, if credited, would bolster an earlier, and typically weaker, asylum application." *Iman v. Barr*, 972 F.3d 1058, 1067–68 (9th Cir. 2020). The allegation that paramilitary members shot Calderon Gomez's dog enhances the severity of his past harm, particularly in the absence of any physical harm to Calderon Gomez or his family. "This type of later embellishment reflects poorly on [Calderon Gomez's] credibility." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 750 (9th Cir. 2022).

Petition **DENIED**.[2]

---

[2] Petitioners' motion for a stay of removal, Dkt. No. 2, is denied. The temporary stay of removal shall remain in place until the mandate issues.

4                                                                                          25-2390